IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LISA McKINLEY TULLIS, # 280307, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:13cv858-WHA |
| ) | (WO) |
| BOBBY BARRETT, *et al.,* ) | |
| ) | |
| Respondents. ) | |

**SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE**

In their objections to the Recommendation of the Magistrate Judge entered on March 11, 2016, respondents assert that three claims that this court identified as having been raised by Petitioner Lisa McKinley Tullis in her § 2254 petition were not resolved in the Discussion portion of the Recommendation (Doc. No. 115). Specifically, Respondents maintain that the Recommendation did not address Tullis's claims that (1) her appellate counsel rendered ineffective assistance by failing to raise an argument regarding the victim's conduct at the hospital after the attack, (2) her appellate counsel rendered ineffective assistance by failing to apply for rehearing with the Alabama Court of Criminal Appeals, and (3) Tullis was not given a mental health evaluation.  *See* Doc. No. 115 at 2-4.  Respondents' objection is well taken, and the court now addresses the three claims in question.

**DISCUSSION**

**1. Appellate Counsel's Failure to Raise Argument Regarding Victim's Conduct**

In her § 2254 petition, Tullis claims that her appellate counsel rendered ineffective assistance by failing to raise an argument regarding the victim's conduct at the hospital after the attack.  *See, e.g.*, Doc. No. 1 at 6-7; Doc. No. 1-2 at 7.  This claim was not raised by Tullis in the

state courts; it was mentioned for the first time in her § 2254 petition. Consequently, the claim is unexhausted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003); *Smith v. Jones*, 256 F.3d 1135, 1140-41 (11th Cir. 2001).

Tullis cannot return to the state courts to litigate this unexhausted claim, as she would find the claim procedurally barred under various state procedural rules. *See, e.g.*, Ala.R.Crim.P. 32.2(b) (successive-petition bar), 32.2(c) (time-bar). Because she can no longer present the claim in the state courts, it is procedurally defaulted for purposes of federal habeas.[1] *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

Tullis fails to establish that either the cause-and-prejudice or actual-innocence exception applies to this procedurally defaulted claim;[2] therefore, the claim is foreclosed from federal habeas review. *See Henderson*, 353 F.3d at 892.

### 2. Appellate Counsel's Failure to Apply for Rehearing

Tullis also contends that her appellate counsel rendered ineffective assistance by failing to apply for rehearing with the Alabama Court of Criminal Appeals. *See* Doc. No. 1 at 6-7. Although Tullis raised this claim in the Rule 32 petition she filed with the trial court, she did not pursue the claim on appeal from the trial court's denial of the Rule 32 petition. The claim is therefore unexhausted. *Pruitt*, 348 F.3d at 1359.

---

[1] *See* Doc. No. 109, Recommendation Part II.B.3, at 19-21, discussing other claims by Tullis procedurally defaulted on the same basis.

[2] *See* Doc. No. 109, Recommendation Part II.B.3, at 21-23, discussing why cause-and-prejudice and actual-innocence exceptions do not apply to Tullis's similarly procedurally defaulted claims.

Tullis cannot return to the state courts to litigate this unexhausted claim as she would find the claim procedurally barred under state procedural rules. Because she can no longer present this claim in the state courts, it is procedurally defaulted for purposes of federal habeas. *Henderson*, 353 F.3d at 891. Tullis also fails to establish that either the cause-and-prejudice or actual-innocence exception applies to this procedurally defaulted claim. *Id*. at 892. The claim is therefore foreclosed from federal habeas review.[3]

### 3. Failure to Receive Mental Health Evaluation

Tullis claims that her Sixth Amendment rights were violated because she was not given a mental health evaluation. *See, e.g.*, Doc. No. 1-2 at 3-7, 31-33; Doc. No. 1-5 at 2-3. She asserted a similar claim in her Rule 32 petition in state court. However, she did not set the claim out in her application for rehearing of the Alabama Court of Criminal Appeals' memorandum opinion affirming the trial court's denial of her Rule 32 petition, or in the petition for writ of certiorari she subsequently filed with the Alabama Supreme Court. Therefore, the claim is unexhausted. *Pruitt*, 348 F.3d at 1359.

---

[3] In its Recommendation of March 11, 2016, this court discussed whether Tullis's claim that her appellate counsel was ineffective for failing to file an application for rehearing established "cause" for her failure to exhaust her challenge to the sufficiency of the evidence to sustain her conviction for attempted murder. *See* Doc. No. 109, Recommendation Part II.B.1, at 18. As the court noted, appellate counsel's failure to apply for rehearing could not constitute cause excusing Tullis's failure to exhaust her sufficiency of the evidence challenge because Tullis had no constitutional right to counsel at the rehearing stage of direct review and thus she could not be deprived of the effective assistance of counsel at that stage. *Id*.; *see Wainwright v. Torna*, 455 U.S. 586, 587 (1982). The court notes that Tullis is also foreclosed from using the alleged ineffective assistance of her appellate counsel in failing to apply for rehearing as a basis for cause to excuse her procedural default of her sufficiency of the evidence challenge because (as noted above in this Supplemental Recommendation) she did not exhaust this claim of appellate counsel's alleged ineffective assistance in the state courts. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000); *Henderson*, 353 F.3d at 896-97.

Tullis cannot return to the state courts to litigate this unexhausted claim because she would find the claim procedurally barred under state procedural rules. Because she can no longer present the claim in the state courts, it is procedurally defaulted for purposes of federal habeas. *Henderson*, 353 F.3d at 891. Tullis also fails to establish that either the cause-and-prejudice or actual-innocence exception applies to this procedurally defaulted claim; therefore, the claim is foreclosed from federal habeas review.[4] *Id*. at 892.

## CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Supplemental Recommendation on or before April 18, 2016. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except

---

[4] As Respondents observe (*see* Doc. No. 14 at 38-39; Doc. No. 115 at 3), Tullis, in making this claim, does not allege that she was incompetent to stand trial. That is, she does not question whether she was able to consult with her counsel "with a reasonable degree of rational understanding – and whether [she had] a rational as well as factual understanding of the proceedings against [her]." *Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995). Instead, she merely alleges that no one gave her a mental health evaluation.

upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this the 4th day of March, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge