IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LISA McKINLEY TULLIS, #280307, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:13-cv-858-WHA |
| | ) | |
| BOBBY BARRETT, et al, | ) | (WO) |
| | ) | |
| Respondents. | ) | |

## **ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #109), entered on March 11, 2016, the Petitioner's Objection to the Recommendation (Doc. #114), the Supplemental Recommendation of the Magistrate Judge (Doc. #116), and the Petitioner's Objection to the Supplemental Recommendation (Doc. #119).[1]

The court has conducted an independent evaluation and *de novo* review of the file in this case, and having done so, finds the Petitioner's objections to be without merit.

In Tullis's original Objections (Doc. #114 at pp. 1-5), she takes exception to certain parts of the Alabama Court of Criminal Appeals' (ACCA) summary of the trial evidence as quoted by this court in its original Recommendation (Doc. #109 at pp. 1-2). However, the examples of supposed factual misstatements that Tullis cites in her Objections reflect no errors in the ACCA's summary of the evidence and consist largely of Tullis's insistence that her version of the facts is the true version. Moreover, none of the factual matters Tullis refers to here relate to this court's disposition of the claims in her § 2254 petition.

---

[1] The Respondents objected to the Magistrate Judge's Report and Recommendation, which led to the Supplemental Recommendation. The Respondents have not objected to the Supplemental Recommendation.

At pp. 24-28 of her original Objections, Tullis asserts arguments that, for the most part, do not address matters in the Magistrate Judge's Recommendation regarding her § 2254 petition. Where she does refer to matters addressed in the Recommendation, she merely restates arguments made in her § 2254 petition without addressing the Magistrate Judge's findings that her claims are procedurally defaulted.

At p. 28 of her original Objections and pp. 2-3 of her Objections to the Supplemental Recommendation, Tullis refers to her appellate counsel's alleged ineffective assistance in failing to apply for rehearing. As noted by the Magistrate Judge in her original Recommendation and the Supplemental Recommendation, Tullis raised this claim in the Rule 32 petition she filed with the trial court but did not pursue the claim on appeal from the trial court's denial of the Rule 32 petition, and thus the claim is unexhausted. Tullis cannot return to the state courts to litigate this unexhausted claim as she would find the claim procedurally barred under state procedural rules. Because she can no longer present this claim in the state courts, it is procedurally defaulted for purposes of federal habeas.

Tullis also fails to establish that the cause-and-prejudice exception applies to this procedurally defaulted claim. In the Recommendation, the Magistrate Judge discussed whether Tullis's claim that her appellate counsel was ineffective for failing to apply for rehearing established "cause" for her failure to exhaust her challenge to the sufficiency of the evidence to sustain her conviction for attempted murder. *See* Doc. #109 at p. 18. As the Recommendation noted, appellate counsel's failure to apply for rehearing could not constitute cause excusing Tullis's failure to exhaust her sufficiency of the evidence challenge because Tullis had no constitutional right to counsel at the rehearing stage of direct review and thus she could not be deprived of the effective assistance of counsel at that stage. In the Supplemental

Recommendation, the Magistrate Judge noted that Tullis is also foreclosed from using the alleged ineffective assistance of her appellate counsel in failing to apply for rehearing as a basis for cause to excuse her procedural default of her sufficiency of the evidence challenge because she did not exhaust this claim of appellate counsel's alleged ineffective assistance in the state courts.

At pp. 28-29 of her original Objections, Tullis takes exception to the Magistrate Judge's finding at pp. 20-21 of her original Recommendation (Doc. #109) that several of Tullis's claims in her § 2254 petition were not raised in the state courts, either on direct appeal or in her Rule 32 petition, but instead were raised for the first time in her § 2254 petition. Tullis asserts that she raised such claims "throughout the proceedings," but nowhere does she point to any state court pleadings or proceedings where she in fact raised these claims.

At pp. 1-3 (Doc. #119) of her Objections to the Supplemental Recommendation, Tullis objects to the Magistrate Judge's findings that the three claims discussed in the Supplemental Recommendation were procedurally defaulted. Those claims were as follows: (1) her appellate counsel rendered ineffective assistance by failing to raise an argument regarding the victim's conduct at the hospital after the attack, (2) her appellate counsel rendered ineffective assistance by failing to apply for rehearing with the Alabama Court of Criminal Appeals, and (3) Tullis was not given a mental health evaluation. This court agrees that the Supplemental Recommendation correctly finds each of these claims to be procedurally defaulted.

Also in her Objections to the Supplemental Recommendation (Doc. #119 at pp. 4-8), Tullis presents the same claim of actual innocence made throughout her § 2254 petition and her supporting pleadings. As noted, the Magistrate Judge in her original Recommendation, with which this court agrees:

> Tullis [does not] demonstrate her actual innocence to overcome application of the procedural bar to her claim. She presents no new reliable exculpatory evidence. *Schlup*, 513 U.S. at 324. Rather, she presents essentially the same evidence and argument the jury heard and rejected. This falls far short of what is required under *Schlup*.

Doc. No. 109 at 18. Throughout her § 2254 petition and her Objections, Tullis refers to evidence that the victim of her attack did not suffer what would be considered a "serious physical injury" under Alabama law. (She also claims that her trial counsel was ineffective for failing to recognize this issue.) However, the question of whether the victim sustained a "serious physical injury" was ultimately most relevant to whether Tullis's attack on the victim constituted the lesser-included offense of first-degree assault, which requires serious physical injury. Tullis was convicted of attempted murder. What Tullis continually fails to appreciate is that she could have been convicted of attempted murder without showing that the victim was even injured at all. For instance, a defendant who fires a gun at someone intending to kill but missing his target may still be guilty of the offense of attempted murder. While the nature of the victim's injuries in Tullis's case might have supported inferences that Tullis intended to kill the victim (she struck the victim twice in the head with a metal pipe), it was not necessary that the victim's injuries meet the definition of "serious physical injury" before Tullis could be convicted of attempted murder.

Therefore, it is hereby ORDERED as follows:

1. The objections of the Petitioner to the original Recommendation and the Supplemental Recommendation are OVERRULED.

2. The court ADOPTS the original Recommendation of the Magistrate Judge as supplemented by the Supplemental Recommendation.

3. This petition for writ of habeas corpus under 28 U.S.C. § 2254 is DENIED, and this case is DISMISSED with prejudice.

DONE this 25th day of May, 2016.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE